UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FEMA TEST ANSWERS, LLC,

                         Plaintiff,

                  v.

FOREST SMITH and SAMIEN BISSESSAR,

                       Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-1108 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff FEMA Test Answers, LLC commenced the above-captioned action on March 1, 2022 against Defendants Forest Smith ("Smith") and Samien Bissessar ("Bissessar"), alleging violations of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act"), seeking a permanent injunction and statutory damages.[1]  (Compl. ¶¶ 47–53, Docket Entry No. 1.)  On August 30, 2024, Plaintiff filed the Second Amended Complaint, (Sec. Am. Compl. ("SAC"), Docket Entry No. 59), and on January 16, 2025, Smith filed his Answer, (Smith's Answer, Docket Entry No. 66).  Smith failed to participate in settlement discussions, and on July 21, 2025, Plaintiff sought a notice of default from the Clerk of Court.  (Pl.'s Req. for Certificate of Default, Docket Entry No. 89; Decl. in Supp. of Pl.'s Req. for Certificate of Default, Docket Entry No. 90.)  On July 22, 2025, the Clerk of Court noticed default.  (Clerk's Entry of Default, Docket Entry No. 91.)  On August 22, 2025, Plaintiff moved for default judgment against Smith,

---

[1]  On February 18, 2025, Bissessar filed counterclaims against Plaintiff and third-party claims against David Pickelhaupt ("Pickelhaupt").  (Bissessar's Answer and Third Party Compl. 10–23, Docket Entry No. 69.)  On December 16, 2025, the Court dismissed with prejudice the claims and counterclaims between (1) Plaintiff and Bissessar and (2) Third-Party Plaintiff Bissessar and Third-Party Defendant Pickelhaupt.  (Order Dismissing Pickelhaupt, Docket Entry No. 98; Order Dismissing Bissessar, Docket Entry No. 100.)

(Pl.'s Mot. for Default J., Docket Entry No. 92), and on August 26, 2025, the Court referred Plaintiff's motion for default judgment to former Magistrate Judge Cheryl L. Pollak for a report and recommendation, (Order dated Aug. 26, 2025).  By report and recommendation dated December 31, 2025, Judge Pollak recommended that the Court grant Plaintiff's motion for default judgement and proposed permanent injunction and deny Plaintiff's request for statutory damages without prejudice (the "R&R").  (R&R 23, Docket Entry No. 101.)

For the reasons discussed below, the Court adopts the R&R and grants Plaintiff's motion for default judgement and proposed permanent injunction and denies without prejudice Plaintiff's request for statutory damages.

## I.  Background

### a.  Procedural background

On March 1, 2022, Plaintiff filed the Complaint, alleging violations of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*  (Compl. ¶¶ 47–53.)  On July 14, 2022, Plaintiff filed the Amended Complaint.  (Am. Compl., Docket Entry No. 18.)  On June 26, 2024, the Court granted Smith's motion to dismiss the Amended Complaint and granted Plaintiff leave to file a second amended complaint.  (Mem. and Order dated June 26, 2024, Docket Entry No. 57; *see also* Mot. to Dismiss, Docket Entry No. 13.)  On August 30, 2024, Plaintiff filed the SAC.  (SAC.)  The parties then engaged in settlement negotiations, and on January 16, 2025, Smith filed his Answer.  (Smith's Answer.)

On March 11, 2025, Smith's counsel moved to withdraw, in part, because of communication issues with Smith.  (Mot. to Withdraw as Atty., Docket Entry No. 72.)  On April 14, 2025, Judge Pollak granted the motion to withdraw and ordered Smith to notify the Court by May 14, 2025 whether he obtained new counsel or would proceed *pro se*.  (Order dated Apr. 14, 2025.)  Smith failed to respond to the Court's order.  On June 13, 2025, Plaintiff, Bissessar, and

2

Pickelhaupt filed a status report stating that Smith had not been in communication with them. (Status Report dated June 13, 2025 ¶ 2, Docket Entry No. 83.)

On July 21, 2025, Plaintiff sought a notice of default from the Clerk of Court. (Pl.'s Req. for Certificate of Default.) On July 22, 2025, the Clerk of Court noticed default. (Clerk's Entry of Default.) On August 22, 2025, Plaintiff moved for default judgment against Smith. (Pl.'s Mot. for Default J.) On August 26, 2025, the Court referred Plaintiff's motion for default judgment to former Magistrate Judge Cheryl L. Pollak for an R&R. (Order dated Aug. 26, 2025.) On October 20, 2025, Judge Pollak issued an Order stating that Plaintiff's motion for default judgment would be decided based on Plaintiff's papers unless Smith requested a hearing or submitted his own papers by November 3, 2025. (Order dated Oct. 20, 2025, Docket Entry No. 96.) Smith did not answer or respond to Plaintiff's motion for default judgment.

### b.  R&R

In the R&R, Judge Pollak recommended that the Court grant Plaintiff's motion for default judgement and proposed permanent injunction and deny without prejudice Plaintiff's request for statutory damages. (R&R 23.) First, Judge Pollak found that Smith was liable for copyright infringement under the Copyright Act and recommended that the Court grant Plaintiff's motion for default judgment with respect to liability. (*Id.* at 8–13.) Second, Judge Pollak recommended granting Plaintiff's proposed permanent injunction to enjoin Smith from infringing upon Plaintiff's registered copyrights. (*Id.* at 21–23.) Third, Judge Pollak recommended denying Plaintiff's request for statutory damages for $10,000 without prejudice with the opportunity to renew should Plaintiff provide information regarding its revenue and losses. (*Id.* at 16–21.)

No objections to the R&R have been filed and the time for doing so has passed.

3

## II.    Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999)) (same).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Johnson v. Chappius*, No. 24-1225, 2025 WL 999674, at *4 (2d Cir. Apr. 3, 2025) ("But 'when a party fails to object timely to a magistrate [] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022))); *Miller*, 43 F.4th at 120 ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of

4

the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

The Court adopts the R&R and grants Plaintiff's motion for default judgment and proposed permanent injunction prohibiting Smith from further infringing upon Plaintiff's copyrights. The Court denies without prejudice Plaintiff's request for statutory damages of $10,000. Plaintiff may renew its request for statutory damages with additional information that will enable the Court to evaluate the reasonableness of the request. The Clerk of Court is directed to enter judgment and close the case.

Dated: February 10, 2026
Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge